IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SIKORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 08-1366 |
| v. ) | |
| ) | |
| STATE FARM INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### **MEMORANDUM OPINION**

CONTI, District Judge

In this memorandum opinion, the court considers the motion for partial summary judgment filed by defendant State Farm Fire and Casualty Company ("defendant" or "State Farm") (Doc. No. 5) with respect to a state law claim asserted by plaintiff, Robert Sikora ("plaintiff" or "Sikora") in count II of the complaint for relief under 42 PA. CONS. STAT. § 8137, entitled "Actions on Insurance Policies," also known as the "Bad Faith Statute." In its motion, defendant seeks a dismissal of count II (the "bad faith claim") because the claim was filed after the expiry of the applicable two-year statute of limitations and plaintiff is barred from pursuing a claim under the statute. After considering the Combined Statement of Material Facts ("SMF") and the submissions of the parties, the court will grant summary judgment in favor of defendant with respect to count II because it is barred by the applicable statute of limitations.

## STATEMENT OF FACTS

This case stems from a motorcycle accident involving plaintiff. Sikora was a passenger on his father's motorcycle when he was injured in a collision on October 12, 2004. (SMF ¶¶ 1, 2.) Sikora commenced a lawsuit against the operator of a motor vehicle which collided with the motorcycle. Sikora recovered from the operator's insurer, Erie Insurance Group ("Erie"), the $25,000 limit of liability coverage. (Compl. ¶¶ 5, 6.) After the recovery, Sikora discontinued that lawsuit. (Compl. ¶ 7.) Sikora also received underinsured motorist benefits in the amount of $15,000 (the policy limit) from American Modern Home Insurance ("American"), which issued a policy covering the motorcycle Sikora was riding. (Compl. ¶¶ 8, 9, 10.)

On September 12, 2005, Sikora filed a claim with State Farm seeking underinsured motorist benefits as a named insured under a policy he alleges covered Tammy Staggs ("Staggs") and himself. (Compl. ¶¶ 11, 13.) Approximately three months later, a State Farm representative sent a letter to Sikora's attorney dated December 27, 2005, notifying Sikora that coverage was denied under the policy. (SMF ¶ 4.) The letter advised that State Farm "previously sent a reservation of rights letter," and it was "questionable whether Sikora…was the first person named in the Declaration of the policy or…qualif[ied] as an insured." (Answer, Ex. B.) The letter concluded by stating that "Sikora did not qualify as an insured under Tammy Staggs underinsured motor vehicle coverage. Therefore, *we will not be extending any underinsured motor vehicle coverage settlement offers to him* [Sikora]." (*Id.*) (emphasis added.) In the letter, Sikora's attorney was advised to send to State Farm any other documentation that State Farm should review regarding the question of coverage. (*Id.*) There is no evidence of record that Sikora ever submitted any additional documentation.

Sikora admits that "State Farm denied coverage for Plaintiff's underinsured motorist claim by letter dated December 27, 2005." (SMF, Pl. Resp. to ¶ 4.) Nevertheless, Sikora contends that a subsequent letter from State Farm's representative to plaintiff's attorney dated August 20, 2007 serves as the *official* denial of underinsured motorist benefits. (SMF, Pl. Resp. to ¶ 9.) This letter stated that "we have *previously advised* that at the time of the October 12, 2004 loss, Robert Sikora did not qualify as an insured under Tammy Stagg's [sic] underinsured motorist coverage." (Resp. to Mot. for Partial Summ. J. Ex. A) (emphasis added.) Once again, plaintiff's attorney was asked to submit any further information regarding Sikora's status and that the file would be closed within the next thirty days if further information was not received. (*Id.*) The August 20, 2007 letter did not specifically reference the December 27, 2005 letter.

On June 23, 2008, Sikora initiated a suit against State Farm in the Court of Common Pleas of Allegheny County, Pennsylvania. (SMF ¶ 5.) Count I of the complaint alleged that State Farm wrongfully withheld underinsured motorist benefits to Sikora. (SMF ¶ 6.) Count II raised a claim against State Farm under 42 PA. CONS. STAT. § 8137, Pennsylvania's Insurance Bad Faith Statute. (SMF ¶ 7.) State Farm removed the case to this court. In response to plaintiff's complaint, State Farm asserted Pennsylvania's two-year statute of limitations as an affirmative defense to the bad faith claim. (SMF ¶ 8.) State Farm now moves for summary judgment with respect to the bad faith claim (count II.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 249. The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. *See Horta v. Sullivan,* 4 F.3d 2, 8 (1st Cir. 1993) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2721, at 40 (2d ed. 1983)); *Pollack v. City of Newark,* 147 F.Supp. 35, 39 (D.N.J. 1956), *aff'd*, 248 F.2d 543 (3d Cir. 1957), *cert.denied,* 355 U.S. 964 (1958) ("in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or *otherwise made admissible in evidence*").

**ANALYSIS**

I.  **Pennsylvania Statute of Limitations Applicable to Bad Faith Claims**

The Pennsylvania legislature did not include a statute of limitations in the bad faith statute, 42 PA. CONS. STAT. § 8137. Pennsylvania state courts that applied a statute of limitations

in cases involving section 8137 claims previously had reached conflicting conclusions. Prior to the decision by the United States Court of Appeals for the Third Circuit in *Haugh v. Allstate Insurance Co.,* 322 F.3d 227, 234 (3d Cir. 2003), federal district courts in Pennsylvania that considered the issue were divided between applying two- and six-year limitation periods. In *Haugh,* the court of appeals predicted "that the Supreme Court of Pennsylvania would hold that an action under section 8371 sounds in tort and thus is subject to a two-year statute of limitations under 42 PA. CONS. STAT. § 5224(7)." *Id.* at 236. Recently, the Supreme Court of Pennsylvania agreed, holding that claims brought pursuant to the Pennsylvania Bad Faith Statute are subject to the two-year statute of limitations for tort actions. *Ash v. Cont'l Ins. Co.,* 932 A.2d 877 (Pa. 2007).

## II.    Plaintiff's Bad Faith Cause of Action is Barred by Statute of Limitations

The United States Court of Appeals for the Third Circuit recognized that a claim of bad faith under 42 PA. CONS. STAT. § 8371 begins to accrue "when the insurer first provides definite notice of a refusal to indemnify or defend." *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 224 (3d Cir. 2005) (citing *Adamski v. Allstate Ins. Co.,* 738 A.2d 1033 (Pa. Super. Ct. 1999)). "For purposes of applying Section 8371, one must look to the date on which the defendant insurance company *first denied* the insured's claim in bad faith," *Adamski,* 738 A.2d at 1040 (emphasis added). In the instant case, State Farm's December 27, 2005 letter indicated that defendant notified plaintiff's attorney that it did not consider Sikora to be a qualified insured and that it was not going to extend any coverage to him. Plaintiff's bad faith claim was based upon this denial. (Compl. ¶ 19.)

No reasonable jury could find plaintiff's argument that the August 20, 2007 letter was the "official denial" of benefits persuasive. As noted above, plaintiff's claim accrues, "when the insurer *first provides* definite notice of a refusal to indemnify or defend." *Sikirica,* 416 F.3d at 224 (emphasis added). In this case, State Farm first provided definite notice in the December 27, 2005 letter that it was denying Sikora coverage and did not consider him a qualified insured.

Any argument that the 2007 letter acted as a continued denial by State Farm and that each denial was a separate act of bad faith which restarted the running of the statute is also unavailing as a matter of law. Courts have consistently rejected this argument with respect to the accrual of a claim pursuant to the bad faith statute. "[T]he statute of limitations started running at the point of the initial denial and plaintiff could not avoid any applicable statute of limitations under Section 8371 by asserting that continuing refusals to cover the driver were separate acts of bad faith." *Simon Wrecking Co., Inc. v. AIU Ins. Co.,* 350 F.Supp.2d 624, 632 (E.D. Pa. 2004); *Adamski,* 738 A.2d at 1042 (holding that appellants may not separate initial and continuing refusals to provide coverage into distinct acts of bad faith). More recently, the Pennsylvania Superior Court held that the statute of limitations under section 8371 had run based upon the insurer's first denial, not when the insurer issued a second denial letter and even actively sought information before issuing the second letter. *Jones v. Harleysville Mut. Ins. Co*., 900 A.2d 855 (Pa. Super. Ct. 2006).

Most importantly, plaintiff admitted that State Farm first provided definite notice denying coverage for his underinsured motorist claim by letter dated December 27, 2005 in his response to paragraph four of the Combined Statement of Material Facts, which provided: "Accordingly, State Farm denied coverage for Plaintiff's underinsured motorist claim by letter dated December

27, 2005.  Plaintiff's Response: The averments of Paragraph four are admitted."  (SMF ¶ 4 and Pl. Resp. to ¶ 4).

## CONCLUSION

Plaintiff first received a denial of coverage in State Farm's December 27, 2005 letter, which notified plaintiff that he was not considered to be covered under Staggs' underinsured motorist policy.  Sikora's claim began to accrue upon receipt of that letter.[1]  He did not file a claim for bad faith under section 8371 until approximately June 23, 2008—almost six months after the two-year statute of limitations had run.  State Farm's August 2007 letter does not represent a separate and distinct act of bad faith.  Under those circumstances, no reasonable jury could find plaintiff's claim for bad faith under 42 PA. CONS. STAT. § 8137 was timely filed and State Farm's motion for partial summary judgment will be GRANTED.

/s/ Joy Flowers Conti
Hon. Joy Flowers Conti
United States District Judge

Dated: August 4, 2009

---

[1] Although the exact date the letter was received is not stated by plaintiff, he makes no argument that it was not received on or about December 27, 2005.